UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>KRISTOPHER THOMAS,<br><br>   Defendant. | Case No. 23-30099<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DETAINING DEFENDANT
PENDING HEARING ON ALLEGED
VIOLATION OF PRETRIAL RELEASE**

**A.**

Defendant Kristopher Thomas, who is supervised in this district, is charged in the Southern District of West Virginia with violating the terms of his pretrial release. During a March 13, 2023 removal hearing, the government believed that this Court had no authority to hold a detention hearing because a magistrate judge in the Southern District of West Virginia entered an order on March 10, 2023 revoking defendant's bond "pending further hearing to be held by the undersigned at the time and date

to be determined upon the Defendant being transported to the Southern District of West Virginia by the United States Marshal."

But Federal Rule of Criminal Procedure 40(c) permits a judge in the arresting district to "modify any previous release or detention order in another district," so long as the judge "state[s] in writing the reasons for doing so." And a judge in a charging district cannot circumvent a defendant's Rule 40(c) right to a detention hearing in the arresting district. *United States v. Fellows*, No. 1:21-MJ-0314 (DJS), 2021 WL 3025741, at *4 (N.D.N.Y. June 23, 2021) ("[T]he concept that the judge in a prosecuting district could simply preclude the magistrate judge in an arresting district from making the very detention decision Congress authorized under Rule 40, by writing [no bond] on a warrant, is illogical."); *United States v. Garraway*, No. 4:22-MJ-2432, 2022 WL 14752697, at *2 (S.D. Tex. Oct. 25, 2022) (following *Fellows* and holding a detention hearing despite a no bond arrest warrant from the charging district).

**B.**

After the March 2023 detention hearing, and applying the factors under 18 U.S.C. § 1324, the Court ordered Thomas detained pending his hearing in the Southern District of West Virginia. He is indicted in that

2

district for possession with intent to distribute fentanyl and is thus presumed to be a danger to the community and a flight risk. § 1342(e)(3)(A).

During a January 2023 detention hearing, the government proffered that Thomas and his brother lived in mobile home in West Virginia, where they sold pure fentanyl.  Case No. 23-mj-30028, ECF No. 7.  Though recognizing the extremely poisonous nature of fentanyl, Magistrate Judge Anthony P. Patti released Thomas on an unsecured bond with conditions that included home detention and GPS monitoring.  *Id.*, ECF No. 7; ECF No. 8.  Judge Patti did not authorize Thomas to have essential or discretionary leave.  *Id.*  And Judge Patti warned Thomas, "the federal government is watching you.  So you might think that you can get away with stuff, but I have a feeling that the people who are watching you are pretty smart and pretty sophisticated, and they're going to know and report to me if there's a problem."  *Id.*, ECF No. 7.

Thomas did not heed Judge Patti's warning.  Instead, he repeatedly violated the conditions of his home detention.  In February 2023, he made an unauthorized stop after receiving approval to pick up his son.  That night, after Thomas went to someone else's residence without permission, his pretrial services officer tried to reach him and left a message for

Thomas to call him.  Thomas did not call the officer back for over an hour, and then failed to return home within the period ordered by the officer.  The next month, Thomas's pretrial services officer permitted him to go to church, but Thomas did not enter the church after he arrived at the parking lot.  The officer later learned that church service was over by the time Thomas arrived.  After Thomas left the church parking lot, he made unauthorized stops at Kroger and an address associated with either a cell phone store or restaurant.  The next day, he went to a dollar store without permission.

During the March 2023 hearing, Thomas's counsel argued that his unauthorized travel was for innocent reasons, but the government countered that Thomas's short visits were consistent with drug trafficking. And the nature and seriousness of the danger to the community if Thomas is still distributing fentanyl is great.[1]  See § 3142(g)(4).

The Court thus finds that Thomas must be detained despite his counsel's persuasive argument that his detention will burden his family. Since Thomas did not abide by the conditions of his home detention and follow the instructions of his pretrial services officer, there are no conditions

---

[1] The Court presumes that Thomas is innocent, but a grand jury found probable cause that he engaged in drug trafficking.

or combination of conditions that will reasonably ensure the safety of the community.

**C.**

The Court **ORDERS** Thomas detained pending his hearing on the alleged violations of the conditions of his pretrial release.

Dated: March 14, 2023

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 14, 2023.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager